UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 26-30807-CRM** |
| **Moises Moran** | ) | |
| | ) | |
| **Debtor** | ) | |
| _____ | ) | |

### OBJECTION TO DEBTOR'S MOTION FOR VALUATION AND MOTION TO REQUIRE VALUATION OF ALL COLLATERAL

\*\* \*\* \*\* \*\* \*\* \*\*

Comes Creditor, Luis Gustavo Carrillo, by counsel, and hereby objects to Debtor's Motion for Valuation and moves the Court to require valuation of all collateral secured by Creditor's Judgment Lien.

The Debtor has filed a Motion for Valuation seeking to value only a single parcel of real property. The subject claim, however, is secured by multiple parcels of real property. The Debtor's attempt to isolate one parcel for valuation is improper, incomplete, and prejudicial to the secured creditor.

Creditor states that Debtor's Motion for Valuation lists Creditor's amount of secured claim as $430,745.26. However, Debtor only lists one parcel of real property, 7105 Astin Court, Louisville, Kentucky 40219, valued at $310,100, as collateral for the secured claim.

Creditor, by counsel, states that the Notice of Judgment Lien recorded in the Jefferson County Clerk's Office by Creditor, attached hereto as Exhibit A, encumbers all real property located in Jefferson County, Kentucky in which Debtor has any interest. Debtor is the fee simple owner of real property located at 7105 Astin Court, 7103 Astin Court, 7101 Astin Court and 7100

Astin Court. Collectively, those parcels of real property have been appraised for the Jefferson Circuit Court Master Commissioner at $483,000. See appraisal attached hereto as Exhibit B.

Further, prior to the filing of Debtor's second Chapter 13 bankruptcy within one year, an Amended Judgment and Order of Sale was entered by the Jefferson Circuit Court ordering the Master Commissioner to sell all four parcels of real property to satisfy Creditor's claim. See Exhibit C.

Under 11 U.S.C. § 506(a), a secured claim is determined based on the value of the creditor's interest in the collateral. Where a claim is secured by multiple parcels, valuation must consider all collateral securing the claim. The Debtor's Motion improperly attempts to reduce the secured claim through selective valuation. Courts reject piecemeal valuation where a single claim is secured by multiple assets.

The Debtor provides no legal authority for valuing only part of the collateral. This approach prejudices the creditor and misapplies § 506(a).

Creditor, Luis Carrillo, moves the Court to require valuation of all parcels securing the claim. Complete valuation is necessary to accurately determine the secured claim and comply with 11 U.S.C. §§ 506(a) and 1325(a)(5). Any partial valuation is incomplete and unreliable.

**WHEREFORE**, Creditor, Luis Carrillo, respectfully requests that this Court:

1.    **DENY** the Debtor's Motion for Valuation;

2.    **ORDER** that all collateral be included in any valuation;

3.    **CONTINUE** the Motion until properly amended;

4.    Award costs and attorney's fees as permitted; and

5.    Grant all other appropriate relief.

Respectfully submitted,


/s/ Ray H. Stoess, Jr.
RAY H. STOESS, JR.
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 583-8633
Email raystoess@600westmain.com
Attorney for Creditor, Luis Carrillo


CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing filed with the Court using the electronic filing system and was served on the persons named below by electronic mail this 13th day of April 2026:

| Daniel Compayno | William W. Lawrence |
|---|---|
| 2950 Breckenridge Lane, Suite 13A | 310 Republic Plaza |
| Louisville, KY 40220 | 200 South Seventh Street |
| (502) 694-2865 | Louisville, KY 40202 |
| daniel@cooleyoffill.com | (502) 581-9042 |
| Counsel for Debtor | ustpregion08.lo.ecf@usdoj.gov |
| | US Trustee |


/s/ Ray H. Stoess, Jr.
RAY H. STOESS, JR.

3