UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 26-30807-crm** |
| **Moises Moran** | ) | |
| | ) | **OBJECTION TO** |
| **Debtor** | ) | **CONFIRMATION OF PLAN** |
| | ) | |
| _____ | ) | |

**\*\* \*\* \*\* \*\* \*\* \*\***

Comes Luis Gustavo Carrillo, by counsel, and objects to confirmation of the Debtor's Chapter 13 Plan pursuant to 11 U.S.C. §§ 1325(a)(3), 1325(a)(6), and applicable Sixth Circuit authority, and states as follows:

### INTRODUCTION

This is the Debtor's second Chapter 13 case filed within one year, and both filings were made on the eve of scheduled foreclosure sales. The prior case was dismissed after the Debtor failed to make any payments to the proposed plan. In this case, the Debtor again seeks the protections of this Court while proposing a plan that is not feasible and not filed in good faith, including a speculative balloon payment intended to address a substantial judgment held by the Creditor.

The Debtor proposes a plan that purports to pay this Creditor through a future sale or refinance of real property via a balloon payment, while simultaneously testifying under oath at the Meeting of Creditors that he does not owe the debt and does not intend to pay it.

The timing of the filings, coupled with the Debtor's complete failure to perform in the prior case and the absence of any credible funding mechanism in the present Plan, demonstrates a pattern of delay and abuse of the bankruptcy process.

The Plan should be denied confirmation pursuant to 11 U.S.C. §§ 1325(a)(3), 1325(a)(6), and 1325(a)(7), and the case should be dismissed pursuant to 11 U.S.C. § 1307(c).

### RELEVANT BACKGROUND

1. The Debtor filed a prior Chapter 13 case on the eve of a scheduled foreclosure sale.

2. That case was dismissed for failure to make any plan payments after the Debtor agreed to lift the automatic stay as to this Creditor.

3. The Debtor filed the present Chapter 13 case—again on the eve of foreclosure.

4. Pursuant to 11 U.S.C. § 362(c)(3), the automatic stay terminated 30 days after filing, and no extension was obtained.

5. The Debtor now proposes a plan providing for payment to this Creditor through a future sale or refinance of real property via a balloon payment.

6. However, at the § 341 Meeting of Creditors held on May 6, 2026, the Debtor testified under oath that:

   - He does not owe the debt to Creditor;

   - He does not intend to pay the claim;

   - He has not listed the subject property for sale; and

   - He has not applied for refinancing or obtained any loan commitment from any lender.

### ARGUMENT

A. The Plan Is Not Proposed in Good Faith (11 U.S.C. § 1325(a)(3))

2

A Chapter 13 plan must be proposed in good faith. The Sixth Circuit applies a "totality of the circumstances" test.

Here, the totality of the circumstances demonstrates bad faith:

- The Debtor filed two successive Chapter 13 cases on the eve of foreclosure;

- The prior case was dismissed for failure to make any payments;

- The present plan proposes payment of a debt the Debtor denies owing;

- The Debtor has testified he does not intend to pay the debt owing to Creditor.

A plan that promises payment while the Debtor admits no intent to pay is inherently not filed in good faith.

B. The Plan Is Not Feasible (11 U.S.C. § 1325(a)(6))

To be confirmed, the Debtor must be able to make all payments under the plan.

The plan relies on a speculative future sale or refinance to fund a balloon payment.

Here, feasibility is fatally undermined by:

- No listing of the property for sale;

- No application for refinancing;

- No loan commitment or evidence of financing;

- The Debtor's express disavowal of the underlying obligation;

- Lack of any demonstrated intent to perform.

C. The Plan Impermissibly Misrepresents Treatment of the Creditor's Claim

The Debtor cannot propose to pay a claim in the plan while simultaneously denying liability and refusing payment.

D. The Filing Reflects Bad Faith and Abuse of the Bankruptcy Process

Successive filings timed to stop foreclosure are a classic badge of bad faith.

3

Additional indicia of bad faith include:

- Serial filings without changed circumstances;

- Failure to make payments in the prior case;

- Use of bankruptcy solely as a delay tactic.

E. The Debtor Has Sufficient Assets to Satisfy the Creditor's Claim

Debtor admitted at the Creditor's Meeting that he owns four parcels of real property in Jefferson County, Kentucky free and clear of any encumbrances. The properties have been appraised at $483,000 by the Jefferson Circuit Court Master Commissioner whereas the debt owed to Creditor as evidenced by Creditor's Proof of Claim filed herein is $430,745.26. Further Debtor listed assets in his schedules totaling $1,178,583.48.

**WHEREFORE**, Creditor, Luis Gustavo Carrillo, respectfully requests that the Court:

1.      Deny confirmation of the Debtor's Chapter 13 Plan;

2.      Dismiss the case for cause pursuant to 11 U.S.C. § 1307(c); or alternatively,

3.      Grant such other and further relief as the Court deems just and proper.

4.      Creditor reserves the right to supplement this Objection and to seek additional relief.

Creditor respectfully requests a hearing on this motion.

Respectfully submitted,

*/s/ Ray H. Stoess, Jr.*
RAY H. STOESS, JR.
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 583-8633
FAX (502) 568-3600
raystoess@600westmain.com
Attorney for Creditor, Luis Carrillo

CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing filed with the Court using the electronic filing system and was served on the persons named below by electronic mail this 7th day of May 2026:

Daniel Campayno
2950 Breckenridge Lane, Suite 13A
Louisville, KY 40220
(502) 694-2865
daniel@cooleyoffill.com
Counsel for Debtor

William W. Lawrence
310 Republic Plaza
200 South Seventh Street
Louisville, KY 40202
(502) 581-9042
ustpregion08.lo.ecf@usdoj.gov
US Trustee

/s/ Ray H. Stoess, Jr.
RAY H. STOESS, JR.